UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAMOWRAPS, LLC. | * |
| | * |
| Plaintiff, | *  CIVIL ACTION NO. 13:6808 |
| | * |
| v. | * |
| | * |
| QUANTUM DIGITAL | * |
| VENTURES, LLC, AND | * |
| HAAS OUTDOORS, INC. | * |
| | * |
| Defendants, | * |
| | * |

* * * * * * * * * * * * * * * * *

## COMPLAINT FOR INJUCTIVE RELIEF AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff Camowraps, LLC ("Plaintiff" or "Camowraps") who files this Complaint asserting claims against defendants Haas Outdoors, Inc. ("Haas") and Quantum Digital Ventures, LLC ("Quantum") (collectively "Defendants") and alleges:

## NATURE OF ACTION

1.  This is a civil action for damages and injunctive relief arising out of Defendants' acts of trademark infringement in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act), false designation of origin in violation of 15 U.S.C. § 1125 (Section 43 of the Lanham Act), and unfair trade practices in violation of Louisiana Revised Statutes 51:1401, *et seq.*

1

## PARTIES

### A. Plaintiff

2. Plaintiff is a Louisiana limited liability company, with its principal place of business at 429 South Street, Slidell, Louisiana 70460.

3. Plaintiff sells adhesive vinyl films and products both through its interactive website, www.camowraps.com, and through licensed, authorized dealers.

### B. Defendants

4. Defendant Quantum is a Michigan limited liability company with its principal place of business at 750 Letica Drive, Rochester, Michigan 48307.

5. Quantum operates the website www.mossyoakgraphics.com and is an exclusive licensee of Defendant Haas with respective to the adhesive vinyl films products class.

6. Defendant Haas is a Mississippi corporation with its principal place of business at 200 East Main Street, West Point, Mississippi 39773.

7. Haas registered and owns the website domain www.mossyoakgraphics.com.

8. Defendants sell adhesive vinyl films and products identical, or substantially similar, to those of Plaintiff. Defendant Quantum manufactures its products under license from Haas.

## JURISDICTION AND VENUE

9. This Court has jurisdiction in this matter under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b) (actions arising under the Lanham Act). Further, the parties are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs, creating jurisdiction under 28 U.S.C. § 1332. This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

2

10. This Court has personal jurisdiction over the defendants. Defendants are engaged in business activities in and/or directed to the State of Louisiana and within this judicial district and have knowingly committed unlawful acts aimed at, and causing harm within, the State of Louisiana and this district. In addition, Defendants have purposefully availed themselves of the privilege of acting in this district by, among other things, advertising via the Internet in this district and offering interactive websites.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b). A substantial portion of the activity and events giving rise to the claims occurred in this district and Plaintiff has suffered damages, at least in part, in this district.

## FACTUAL BACKGROUND

### A. Camowraps History

12. For more than ten years, Camowraps has been a leader in the business of manufacturing, selling, and distributing adhesive vinyl films and products. These products, which are often sold in camouflage patterns, are used on vehicles, hunting gear, sports equipment and any items with surfaces to which films can adhere. Some applications of adhesive vinyl films are for purposes of concealment (e.g., hunting), while other applications are for aesthetic purposes and personal customization. These products can also be produced with the customer's own graphics for customization of vehicles and other items.

13. For more than ten years, Plaintiff's products have been sold under the CAMOWRAPS trademark.

14. It takes great skill and art to develop camouflage patterns that imitate the surrounding environments in which hunting and other outdoor sporting activities calling for concealment occur. Camowraps licenses patterns from many notable camouflage developers.

15. Camowraps has developed a reputation for the quality of its products and services within many industries including automotive, sign, and graphics as well as in the hunting and outdoor sports communities.

16. The CAMOWRAPS trademark is a strong and effective brand identity for Plaintiff's products. The mark CAMOWRAPS was adopted in 2002. Plaintiff has always used the domain name www.camowraps.com, which allowed plaintiff to sell its CAMOWRAPS products to customers throughout the United States. Plaintiff further expanded its distribution of its CAMOWRAPS products with development of a network of authorized distributors.

17. Camowraps also promotes its products and services on the Internet, via its own website and social media, booths at tradeshows, and through print media. Plaintiff's authorized dealers, distributors, and retailers represent additional avenues of promotion of the Camowraps brand.

18. As a result of the quality of Plaintiff's goods and services, the CAMOWRAPS products have met with substantial commercial success.

19. Camowraps has common law trademark rights to the name and mark CAMOWRAPS as applied to plastic laminated films and related products and services.

20. On January 27, 2003, Camowraps applied for federal registration of the CAMOWRAPS mark on the Principal Register of the United States Patent and Trademark Office in International Class 17 for plastic laminated films, specifically camouflage adhering films for motor vehicles and hunting, camping and sporting equipment.

4

21. On December 9, 2003, CAMOWRAPS was duly registered on the Principal Register of the United States Patent and Trademark Office as U.S. Trademark Registration No. 2,790,943. A correct copy of this registration is attached as **Exhibit A**.

22. U.S. Trademark Registration No. 2,790,943 constitutes *prima facie* evidence of the validity of the CAMOWRAPS mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark throughout the United States in commerce for the registered goods as well as for related fields of goods and services.

23. The CAMOWRAPS mark has been in continuous, substantially exclusive use by Plaintiff for more than five years following registration at the U.S. Patent and Trademark Office. Plaintiff, thus, possesses incontestable rights to the CAMOWRAPS mark pursuant to 15 U.S.C. §§ 1065 and 1115(b).

24. Plaintiff's common law trademark rights to CAMOWRAPS and its federal registration of the mark CAMOWRAPS (together the "CAMOWRAPS Mark") represent a valuable business asset and competitive advantage for Plaintiff.

**B.    Relationship between Defendant Quantum and Defendant Haas**

25. Defendant Haas is the developer of the Mossy Oak® line of camouflage patterns and other camouflage products.

26. Defendant Quantum is an exclusive licensee of the Mossy Oak line and operates the website www.mossyoakgraphics.com, which sells the Mossy Oak line of patterns for adhesive vinyl films and other camouflage products.

27. Defendant Haas registered and owns the website domain name www.mossyoakgraphics.com.

28. Haas licenses its patterns to Quantum and therefore has a financial interest in, and benefits directly from, the sale of products on the website Quantum operates.

29. Haas has the right and ability to supervise and control Quantum both as licensor, and because the website domain Quantum operates, www.mossyoakgraphics.com, is registered and owned by Haas.

30. Quantum's infringing conduct provides a direct financial benefit for Haas through several channels, including whatever royalties are due to Haas as licensor of the Mossy Oak® brand as well as directing customers to other Haas products in different categories for which Quantum does not hold a license to manufacture. Additionally, customers are likely directed to the website Haas directly operates, www.mossyoak.com, because its Uniform Resource Locator (web address) is nearly identical to the URL of the website Quantum operates.

C. **Defendants' Wrongful Acts**

31. Defendants offer for sale the same types of goods and services as Plaintiff and its authorized dealers, and the Defendants use similar channels of commerce.

32. Defendants use product names on the website www.mossyoakgraphics.com that are identical to, and/or confusingly similar to, Plaintiff's CAMOWRAPS Mark in sound, appearance, and commercial impression.

33. Plaintiff has not given either of the Defendants permission, authority, or license to use the CAMOWRAPS Mark. To the contrary, Plaintiff has communicated via e-mail, phone, and letter to both Defendants that their unauthorized use of the CAMOWRAPS Mark must cease and desist.

34. Nevertheless, Defendants have used, and continue to use, the CAMOWRAPS Mark, and/or confusingly similar marks, without permission. The image below comes from

Defendants' website and demonstrates their willful and intentional use of Plaintiff's CAMOWRAPS Mark:



35. Consistent with, and in support of their infringing use of marks that are identical and/or confusingly similar marks to Plaintiff's CAMOWRAPS Mark, Defendants have engaged in other deceptive activities on the Internet. An example of the results of a web search using of the word "Camowraps" is shown in the below screenshot:

7



36.     As a result of Defendants' infringing use of the CAMOWRAPS Mark, and upon information and belief, their purchase of "ad words" from search engines, and their selection of the terms used to tag their webpages, Defendants have unfairly and deceptively caused their website to appear in search results for Plaintiff's goods and have suggested an affiliation with Plaintiff where none exists.

37.     Through these practices, Defendants falsely suggest to consumers a connection to Plaintiff and access to genuine CAMOWRAPS products. These practices cause consumer confusion, erode the distinctiveness of the CAMOWRAPS Mark, and otherwise damage Plaintiff and its authorized dealers.

38.     The Defendants' actions are intentional and in bad faith. Defendants use Plaintiff's CAMOWRAPS Mark with full knowledge and intention that consumers are likely to be confused and lured away from the websites that they intended to visit, and with the goal of financially benefiting themselves to the detriment of Plaintiff and its authorized dealers.

39. Further, Defendants' use of confusingly similar marks began after Plaintiff's adoption of its CAMOWRAPS Mark and with full knowledge of Plaintiff's exclusive rights to the CAMOWRAPS Mark.

40. Plaintiff and Plaintiff's authorized dealers and retailers have experienced instances of actual consumer confusion in which they are mistakenly contacted by purchasers of products from the Defendants to address customer concerns.

## FIRST CAUSE OF ACTION

### FEDERAL TRADEMARK INFRINGEMENT – LANHAM ACT
### (15 U.SC. § 1114)

41. Plaintiff Camowraps repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

42. Plaintiff owns the valid, and incontestable, federally registered CAMOWRAPS trademark.

43. Defendants' actual, and threatened continued, use of identical and/or confusingly similar marks constitutes infringement of Plaintiff's CAMOWRAPS Mark in violation of 15 U.S.C. §1114.

44. As a direct and proximate result of Defendants' acts of infringement, Camowraps has been damaged, and unless this Court restrains Defendants, Camowraps will continue to suffer serious, irreparable injury.

45. Defendants' actions have been carried out in willful disregard of Camowraps' rights.

46. Camowraps is entitled to an order preliminary and permanently enjoining Defendants from further acts of infringement.

47. Camowraps is additionally entitled to recover its damages, the Defendants' unlawful profits from infringement, and the costs of this action.

48. The intentional nature of Defendants' acts of infringement and other unlawful acts make this an exceptional case under 15 USC § 1117(a) warranting an award of attorney fees and costs to Plaintiff.

## SECOND CAUSE OF ACTION

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125)

49. Plaintiff Camowraps repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

50. Defendants' unauthorized use of Plaintiff's CAMOWRAPS Mark in connection with Defendants' businesses is likely to cause the public to mistakenly believe that Defendants' similar products and services originate from, are endorsed by, or are in some way connected or affiliated with Camowraps, all in violation of 15 U.S.C. §1125.

51. Defendants have acted willfully and intentionally to cause confusion, mistake, or deception.

52. Camowraps is entitled to an order preliminarily and permanently enjoining Defendants from further acts of unfair competition and false designations of origin.

53. Camowraps is additionally entitled to recover its damages, the Defendants' unlawful profits from infringement, and the costs of this action.

54. The intentional nature of Defendants' acts of unfair competition and false designations of origin make this an exceptional case under 15 USC § 1117(a) warranting an award of attorney fees and costs to Plaintiff.

## THIRD CAUSE OF ACTION

## LOUISIANA UNFAIR TRADE PRACTICE (LA. REV. STATUTE 51:1401, *ET SEQ.*)

55. Plaintiff Camowraps repeats and re-alleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

56. Defendants' actions alleged herein constitute unfair trade practices in violation of La. R.S. 51:1405, *et seq.*

57. As a direct and proximate result of Defendants' unfair trade practices, Camowraps has been damaged, and unless this Court restrains Defendants, Camowraps will continue to suffer serious, irreparable injury.

58. Camowraps is entitled to an order preliminarily and permanently enjoining Defendants from further acts of unfair trade practices.

59. Camowraps is further entitled to recover its damages, the Defendants' profits from their unlawful practices, treble damages, and attorney fees and costs under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Camowraps requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to the following:

1) Entry of preliminary and permanent injunctions restraining Defendants and all persons acting in concert with Defendants from:

   a) Further infringement of the CAMOWRAPS Mark and from unfairly competing with Camowraps;

11

  b) From using any variation of the CAMOWRAPS Mark to dilute the distinctiveness of that mark, including but not limited to use as trademarks, business names, meta tags, sponsored advertisement triggers, other identifiers, keywords or other terms used to attract or divert traffic on the Internet or to secure higher placement within search engine results; and,

  c) From representing by any means whatsoever, directly or indirectly, a false designation of origin as it pertains to the CAMOWRAPS Mark, or suggesting an affiliation with, sponsorship by, or endorsement of Plaintiff.

2) An accounting for, and award to Plaintiff of all profits resulting from Defendants' sale, offers for sale, and marketing of infringing goods and services;

3) An award of compensation for Plaintiff's damages;

4) An award of treble damages;

5) An award of interest on all damages awarded to Plaintiff;

6) An award of costs, expenses and attorney's fees in this action; and

7) Such further equitable or other relief that this Court may deem appropriate.

        Respectfully submitted,

        *s/Marie Breaux*
        Marie Breaux (La. Bar # 17156)
        M Breaux Intellectual Property Law LLC
        Exchange Centre, Suite 682
        935 Gravier Street
        New Orleans, LA  70112
        Telephone: (504) 975-1462  Fax: (504) 324-0768
        E-mail:  marie@mbipl.com

        *Attorney for Plaintiff Camowraps, LLC*